**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CHARLES SWEENEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-214-WTL-WGH |
| | ) | |
| MARGARET G. ROBB, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry and Order Dismissing Action**

For the reasons explained in this Entry, the action filed by Charles Sweeney must be dismissed because the complaint he has filed fails to state a claim upon which relief can be granted.[1]

**Discussion**

Sweeney filed this civil rights action to secure injunctive and declaratory relief from the Chief Judge of the Indiana Court of Appeals. The subject matter of the lawsuit relates to the circumstances associated with the interrogation of Sweeney, with the use of the statement secured through that interrogation, and with the scope of his right to the assistance of counsel at various points. As Sweeney and the federal courts are aware, Sweeney is serving the executed portion of his sentence imposed by an Indiana state court following his 1995 conviction for the murder of Dannie Guthrie. *See Sweeney v. State,* 704 N.E.2d 86 (Ind. 1998)(affirming conviction on direct appeal), and *Sweeney v. Carter*, 361 F.3d 327 (7th Cir. 2004)(affirming denial of petition for writ of habeas corpus). In addition, this case is a slight adjustment from his civil action docketed as No. 2:11-cv-242-WTL-MJD.

Because Sweeney is a prisoner, his complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A[A]

---

[1] Sweeney's motion to proceed *in forma pauperis* [3] is **granted**.

complaint must always . . . allege ›enough facts to state a claim to relief that is plausible on its face.‹" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). Plausibility is defeated, however, if a plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). ); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."). Pro se complaints such as that filed by Sweeney are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The claim against Chief Judge Robb in her official capacity skirts the Eleventh Amendment barrier, but runs headlong into the Federal Courts Improvement Act of 1996 ("FCIA"). The FCIA amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." These conditions are not present as to the claim against Chief Judge Robb. Accordingly, Congress acted more than a decade ago to withdraw the claim Davis asserts against Judge Willis.

No viable claim as asserted against Chief Judge Robb as Chief Judge of the Indiana Court of Appeals. *See Homola v. McNamara,* 59 F.3d 647, 651 (7th Cir. 1995).

For the reasons explained above, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim against the defendants. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 07/30/2012

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles Sweeney
957595
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838